IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CACEY COX,

Plaintiff,

vs.

REBECCA HARLING,

Defendant.

8:23CV516

MEMORANDUM AND ORDER

Plaintiff Cacey Colleen Cox ("Cox"), a non-prisoner, filed a pro se Complaint naming Lincoln County Attorney Rebecca Harling ("Harling") as the sole defendant and asserting 18 U.S.C. § 242 as the basis for this Court's jurisdiction. Filing No. 1. Plaintiff was given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

The subject matter of this case is the removal of Plaintiff's children from her care. Filing No. 1 at 4. Specifically, Plaintiff alleges that Harling refused to transfer her state court case to Auburn, Nebraska, and as a result of the distance Plaintiff and her husband must travel to see their children and they allegedly have suffered severe financial consequences. Filing No. 1 at 4. As relief Plaintiff seeks $1.5 million in damages and transfer of her children's case to Auburn, Nebraska. Filing No. 1 at 5.

This is not the first case Plaintiff has attempted to bring against Harling in this Court. See Cox v. Harling, Case No. 22-cv-249 (the "Prior Case"). In the Prior Case Plaintiff attempted to sue Harling in her individual and official capacity under 42 U.S.C. §1983 for Harling's participation in state proceedings resulting in Plaintiff's children being removed from Plaintiff (and her husband's) care. See Prior Case, Filing No. 1. In dismissing the Prior Case against Harling, Plaintiff was informed that Harling, as a prosecutor, "is entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" Prior Case, Filing No. 14 at 14 (citing Schenk v. Chavis, 461 F.3d 1043, 1046 (8th Cir. 2006) (internal quotation marks and citation omitted)).

It appears Plaintiff now seeks to bring criminal charges against Harling as she is unable to proceed against her under § 1983. However, 18 U.S.C. § 242 is a federal criminal statute which is only enforceable by the federal government, not private citizens. See e.g. Cito v. Bridgewater Twp. Police Dep't., 892 F.2d 23, 26 n.3 (3d Cir. 1989). To the extent Plaintiff seeks to prosecute or have this Court prosecute Harling, or otherwise obtain relief under such the criminal statute, such relief cannot be obtained. A private person cannot bring criminal charges, nor can this Court. See Welch v. Wright, No. 4:23CV3128, 2023 WL 5487111, at *1 (D. Neb. Aug. 24, 2023) (citing Juste v. Marie Brennan, No. CV 4:16-3757-MGL-TER, 2016 WL 7669500, at *3 (D.S.C. Dec. 19, 2016), report and recommendation adopted, No. CV 4:16-03757-MGL, 2017 WL 86134 (D.S.C. Jan. 10, 2017) ("a plaintiff filing a civil case cannot bring a criminal case against another person." (citing Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990)))). This is so as both the decision to prosecute and what charges to file (or bring before a grand jury) are

2

decisions that "generally rest in the prosecutor's discretion." *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009).

For this reason, this case shall be dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(e)(2), the Complaint, Filing No. 1, is dismissed with prejudice, as there is no private cause of action under 18 U.S.C. § 242.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 25th day of September, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Court